[No. F008243. Fifth Dist. Dec. 8, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
SOTERO SANCHEZ AYON, Defendant and Appellant.

**COUNSEL**

James W. Dirks, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Jane N. Kirkland and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.*—**This matter originally was submitted by appellant's court-appointed counsel for review pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. The court directed the parties to file supplemental briefs concerning appellant's entitlement to further credits for presentence custody. We hold that appellant is entitled to additional credits. We remand for redetermination of these credits and for resentencing.

### FACTS

Sotero Ayon was arrested for cultivating marijuana. He was referred to a diversion program and prosecution was suspended. After Ayon repeatedly failed to appear for a diversion review hearing, the criminal proceedings were reinstated and a warrant for his arrest issued.

In the meantime, the diversion classes had been ineffective—Ayon was arrested when he delivered about two pounds of cocaine to an undercover officer. This arrest occurred on July 22, 1986. The arrest warrant on the cultivation charge was apparently executed the same day. Ayon eventually entered a guilty plea to the charge of transporting cocaine (Health & Saf. Code, § 11352) with an arming enhancement (Pen. Code, § 12022, subd. (a)).

Ayon was in custody in Tulare County from July 22, 1986, through his sentencing on January 21, 1987, which is 184 days. During that time in custody, Ayon had a jury trial on the cultivation charge (No. 24282), and was convicted. On November 7, 1986, he was admitted to probation in that case; one condition of probation was that he serve the first year in jail. He received 219 days of presentence credit toward the year commitment, based on the July 22, 1986, arrest date as well as the brief period of custody before the original referral to the diversion program.

When sentence was imposed in the present case, No. 24281, Ayon was awarded 45 days presentence credit, based on 30 days of incarceration between his guilty plea and the sentencing hearing. The issue on this appeal is whether Ayon is also entitled to credit for custody between July 22, 1986, and the guilty plea.

---

*Before Woolpert, Acting P. J., Hamlin, J., and Ballantyne, J.

## Discussion

A defendant held in custody before he is sentenced usually is entitled to a reduction of the time to be served based on the length of that presentence custody. (Pen. Code, § 2900.5.) Determination whether such credit is to be awarded, and the amount of such credit, can become complicated when more than one pending charge has resulted in incarceration. The parameters for this determination of credits recently have been reviewed by this court in *People* v. *Adrian* (1987) 191 Cal.App.3d 868 [236 Cal.Rptr. 685]. ■ If the defendant is awarded concurrent sentences for his multiple crimes, he generally is entitled to credit on each sentence for the time he was in custody as a result of that particular crime. He is entitled to such credit even if the particular crime was only one of the reasons he was in custody—where, for example, he has been arrested after a crime spree and has separate bail for numerous unrelated cases.

One limitation on such credits was recognized in *People* v. *Adrian, supra,* 191 Cal.App.3d 868. ■ Once the defendant is actually serving a sentence for a crime, he is not entitled to credit for that incarceration in any other criminal matters then at the presentence stage, even though he is under arrest for the unsentenced crimes and ultimately receives a sentence that is concurrent with the sentence already being served during the pretrial detention. (*Id.* at p. 880.) ■ In the present case, respondent contends that this limitation permits credit only for Ayon's incarceration between July 22, 1986, and his commitment to county jail on November 7, 1986, as a condition of probation in No. 24282. Respondent concedes that the trial court erroneously failed to allow credit for that period. However, respondent argues that all time after November 7, 1986, was what *Adrian* refers to as "term serving time" which would not accrue as presentence credit in the present case.

We agree that incarceration for a previous crime as a condition of probation for that crime constitutes "time in jail, prison, or equivalent facility while serving a sentence," as "term serving time" is defined in *Adrian*. (See *id.* at p. 875.) *Adrian*'s inclusion of "time served as a condition of probation" in its description of " 'presentence time' " for which credit is to be awarded, refers only to such time served for the subject offense, not for a previously sentenced crime.

Accordingly, Ayon is not entitled to credit for that portion of his presentence incarceration in the present case during which he was serving his

probationary jail term in No. 24282. It is not clear from the record before us when that term expired, however. It appears that it may have expired before the date of sentencing in the present case. If that is the case, then presentence credit again would have accrued after expiration of the jail term in No. 24282. On the other hand, the trial court awarded credits in the present case based on incarceration between the date of the guilty plea and the date of sentencing. If Ayon still was serving the probationary jail term in No. 24282 during any portion of that postplea incarceration, that portion would not be the source of presentence credits in the present case. Therefore, we must remand so that the trial court can determine the credits, if any, to which Ayon is entitled for the period from November 7, 1986, through January 21, 1987.

The judgment of conviction is affirmed. The sentence is reversed and remanded for the limited purpose of awarding appropriate presentence credits. This shall include credit based on 109 days of custody from July 22, 1986, through November 7, 1986, together with credit for any period from November 7, 1986, through January 21, 1987, during which Ayon was not serving the jail term as a condition of probation in No. 24282.